UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-14351-Cannon/McCabe

TONYA WOODWORTH,

     Plaintiff,

v.

RICHARD DEL TORO
SAINT LUCIE COUNTY SHERIFF,

     Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Counts I, II, V, and VI of Plaintiff's Amended Complaint, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 15, DE 18, DE 19). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND

This is an employment discrimination case brought by Plaintiff Tonya Woodworth against Richard Del Toro in his official capacity as Sheriff of Saint Lucie County (the "Sheriff"). The Court accepts the following facts as true, taken from Plaintiff's Amended Complaint. (DE 11).

Plaintiff is a female over the age of forty. (DE 11 ¶¶ 14, 18). She began working for the Sheriff, under a prior administration, on or about December 13, 2021 as a Public Information Officer. (DE 11 ¶¶ 4, 13). In that role, Plaintiff managed social media accounts, handled public relations, and created content for the agency. (DE 11 ¶ 15). Plaintiff alleges that she performed her job duties in a satisfactory or above-satisfactory manner throughout her employment. (DE 11 ¶¶ 15, 33).

During Plaintiff's tenure of employment, she went through a change of administrations from one elected Sheriff to another.  Plaintiff alleges that, in August 2024 and again in November 2024, Terissa Aronson, the President and CEO of the Saint Lucie County Chamber of Commerce, informed Plaintiff that the new, incoming Sheriff had longstanding plans to remove Plaintiff from her position and replace her with his political supporters.  (DE 11 ¶ 19).  In November 2024, Aronson allegedly refused to accept Plaintiff's board membership payment, stating that she could not in good conscience take Plaintiff's money because Plaintiff would soon be unemployed after the new Sheriff took office.  (DE 11 ¶ 20).  Plaintiff also alleges that she learned from multiple law enforcement officers that Defendant intended to remove certain older, tenured, and female command staff members, including Plaintiff.  (DE 11 ¶ 21).

Once the new Sheriff assumed office, Plaintiff alleges she was subjected to discrimination and retaliation based on her sex, age, and employment.  (DE 11 ¶¶ 18, 30).  On January 9, 2025, the Sheriff placed Plaintiff on paid administrative leave for the stated reason of "inefficiencies."  (DE 11 ¶¶ 22, 25).  The Sheriff also sent an agency-wide email stating that Plaintiff was not allowed on the premises, which Plaintiff contends created the false impression that she had engaged in criminal or unethical conduct.  (DE 11 ¶ 23).

Plaintiff also alleges she was threatened with an internal investigation if she refused to resign voluntarily, as disclosed to her by HR supervisor Denedia Kelly.  (DE 11 ¶ 22).  Plaintiff viewed this as an intimidation tactic used to force out older, tenured, and female employees.  (DE 11 ¶ 22).  At the time Plaintiff was placed on administrative leave, her access to email and agency accounts had been revoked.  (DE 11 ¶ 23).

After placing Plaintiff on administrative leave, the Sheriff filled her position with Andrew Bolonka, a male deputy whom Plaintiff claims lacked the experience or qualifications for the role.  (DE 11 ¶ 24).  Plaintiff alleges that Bolonka and his family provided significant financial support

to the Sheriff's campaign. (DE 11 ¶ 24). Plaintiff further alleges that the Sheriff offered Jesse Ryan, a male contractor in his early thirties, a role on the public information team at approximately double his prior pay rate, despite the fact that Ryan had less public relations experience than Plaintiff. (DE 11 ¶ 26). Plaintiff alleges that, notwithstanding her experience, she was neither offered nor transferred to that role. (DE 11 ¶ 26).

Ultimately, the Sheriff terminated Plaintiff from her position and replaced her with Bolonka. (DE 11 ¶ 29). According to Plaintiff, the Sheriff had no legal basis to terminate her. (DE 11 ¶ 28). Plaintiff alleges she held career service status and was a protected combat veteran with a service-connected disability. (DE 11 ¶ 28). She further alleges that she had a protected property interest in her continued employment and retirement benefits. (DE 11 ¶¶ 31, 92, 94). The Sheriff "did not permit Plaintiff to exercise her due process rights under the Saint Lucie County Sheriff's Office Career Service Act" (the "Career Service Act"), thereby denying her "an adequate post-termination remedy and appeal" of her termination. (DE 11 ¶ 98).

Based on these allegations, Plaintiff brings the following claims:

| Count | Claim |
|---|---|
| I | Discrimination Based on Age in Violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA") |
| II | Discrimination Based on Age in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. |
| III | Discrimination Based on Sex in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. |
| IV | Discrimination Based on Sex in Violation of the FCRA |

| V | Due Process Violation Under 42 U.S.C. § 1983 |
|---|---|
| VI | Equal Protection Violation Under 42 U.S.C. § 1983 |

(DE 11).

## II.      LEGAL STANDARD

By way of this motion, the Sheriff seeks dismissal of Counts I, II, and V, as well as the age-based portion of Count VI, pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.      DISCUSSION

As stated, the Sheriff does not seek dismissal of the entire Amended Complaint and limits this motion solely to the age-based claims (Counts I, II, and part of VI) and the procedural due process claim (Count V).  (DE 15).  The Court will address the age-based claims first, followed by the procedural due process claim.

### A.      Age Discrimination Claims

The Sheriff moves to dismiss the age discrimination claims alleged in Counts I, II, and part of VI.  (DE 15 at 3-5).  Counts I and II assert statutory age discrimination claims under the

4

FCRA and ADEA, while Count VI asserts an equal protection claim under § 1983 based, in part, on age discrimination.  (DE 11 at 6-10, 17-20).  The Court will address the statutory age discrimination claims first, followed by the age-based § 1983 claim.

### 1.      Counts I & II – FCRA and ADEA

Counts I and II assert statutory age discrimination claims under the FCRA and ADEA. (DE 11 at 6-10).  The ADEA prohibits an employer from terminating an employee aged 40 or older because of the employee's age.  29 U.S.C. §§ 623(a)(1), 631(a).  The FCRA similarly prohibits discharging an employee based on age.  Fla. Stat. § 760.10(1)(a).  Courts analyze ADEA and FCRA claims in tandem under the same analytical framework.  *Rainey v. United Parcel Serv., Inc.*, 816 F. App'x 397, 400 (11th Cir. 2020).  Both statutes require proof that age was the "but-for" cause of the termination decision.  *Perry v. City of Avon Park, Florida*, 662 F. App'x 831, 834, 836 (11th Cir. 2016).

The Sheriff urges the Court to dismiss Counts I and II based on Plaintiff's failure to plead facts that satisfy the elements of a *prima facie* case of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  (DE 15 at 3-4).  To demonstrate a *prima facie* case of age discrimination under *McDonnell Douglas,* a plaintiff must show the following:  (1) that he or she is a member of the protected group; (2) that he or she suffered an adverse employment action, e.g., discharge, demotion, or failure to hire; (3) that he or she was replaced by a person outside the protected group; and (4) that he or she was qualified for the position at issue.  *See Castle v. Sangamo Weston*, 837 F.2d 1550, 1558 (11th Cir.1988).

Applying that standard here, the Sheriff urges the Court to dismiss Counts I and II because Plaintiff failed to allege facts to satisfy element (3), namely, that she was replaced by a person outside the protected group.  (DE 15 at 3-4).  Courts commonly refer to such persons as a "comparator."  Here, the Sheriff points out that, although the Amended Complaint identifies the

person who replaced Plaintiff, i.e., Bolonka, the Amended Complaint never discloses Bolonka's age.  Thus, according to the Sheriff, Counts I and II fail to satisfy the elements of a *prima facie* case under *McDonnell Douglas.*

The Court disagrees that Counts I and II should be dismissed on this basis.  The Eleventh Circuit has repeatedly instructed district courts not to apply the *McDonnell Douglas* standard at the pleadings stage.  *See Hernandez v. CareerSource Palm Beach Cnty., Inc.*, No. 23-12285, 2025 WL 1541367, at *1-4 (11th Cir. May 30, 2025) (reversing where district court dismissed case for lack of a similarly situated comparator); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) ("A complaint asserting employment discrimination under the ADEA need not contain specific facts establishing a *prima facie* case.").  As the Eleventh Circuit has noted, the Supreme Court devised the *McDonnell Douglas* test as a tool to be applied at summary judgment; it was never meant to test the sufficiency of a complaint.  *See Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *3 (11th Cir. Sept. 5, 2024) ("[W]e've squarely held that *McDonnell Douglas* is the wrong legal standard to apply at the pleading stage and have reversed district court dismissals for using it to assess the sufficiency of a complaint.") (cleaned up).

To survive dismissal in an age discrimination case, a complaint need not satisfy the elements of a *McDonnell Douglas prima facie* case.  Instead, a complaint need only "provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan*, 727 F. App'x at 641 (11th Cir. 2018); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (noting, in a Title VII case, that a plaintiff must allege "enough factual matter (taken as true) to suggest intentional … discrimination").

Applying this standard here, the Court finds that Counts I and II allege sufficient factual matter, taken as true, to suggest intentional age discrimination.  Plaintiff's allegations include the following:

- Plaintiff is over the age of forty.  (DE 11 ¶¶ 14, 18).

- Prior to the new Sheriff taking office, Plaintiff learned from multiple law enforcement officers that the new Sheriff "intended to remove certain *older*, *tenured*, and female command staff members, including Plaintiff."  (DE 11 ¶ 21) (emphasis added).

- Once the new Sheriff assumed office, he placed Plaintiff on administrative leave and filled her position with another employee, Bolonka.  (DE 11 ¶¶ 18, 30).

- Once the new Sheriff assumed office, he also added another person to the public information team, Jesse Ryan, who was in his early thirties.  (DE 11 ¶ 26).

The Court finds these allegations sufficient to survive dismissal.  The Court acknowledges the Sheriff's argument that the Amended Complaint alleges multiple, perhaps conflicting, theories of discrimination based on Plaintiff's (1) age, (2) sex, and (3) the fact that she had worked for the prior Sheriff who campaigned against the new Sheriff.  (DE 17 at 3-4).  Nevertheless, the Federal Rules of Civil Procedure allow parties to plead inconsistent claims and defenses.  *See* Fed. R. Civ. P. 8(d)(3).  These issues should be reserved and sorted out at summary judgment or later stages of the litigation.

### 2.      Count VI – Equal Protection Violation Under § 1983

Count VI asserts an equal protection claim under § 1983 based on sex and age discrimination.  (DE 11 ¶¶ 104-18).  The Sheriff moves to dismiss the age-based portion of this claim.  (DE 15 at 3-5).  The Court agrees this portion of the claim should be dismissed.  Although the Eleventh Circuit has not decided the issue, "the majority of Circuit Courts of Appeal to address

7

the issue have ruled that the ADEA precludes the filing of age discrimination claims under [§] 1983." *Duva v. Bd. of Regents of the Univ. Sys. of Georgia*, 654 F. App'x 451, 454 (11th Cir. 2016) (cleaned up).

Likewise, district courts in this Circuit have repeatedly recognized that the ADEA provides the exclusive remedy for age discrimination claims and therefore precludes age-based § 1983 claims. *See Williams v. Fla. Atl. Univ.*, No. 15-60621-CIV, 2016 WL 1089423, at *3 (S.D. Fla. Mar. 21, 2016) (dismissing the § 1983 age discrimination claim because "[t]he ADEA is the exclusive remedy for age discrimination claims"); *Ray v. City of Opa-Locka, Fla.*, No. 12-CV-21769, 2012 WL 4896162, at *3 (S.D. Fla. Oct. 15, 2012) (dismissing a § 1983 age discrimination claim because "[t]he ADEA's comprehensive scheme for resolution of age discrimination complaints against employers is the exclusive remedy for such claims"); *Committe v. Bd. of Trustees of the Florida State Univ.*, No. 4:15-CV-228-MW/CAS, 2016 WL 4942044, at *2–4 (N.D. Fla. Aug. 26, 2016), *R. & R. adopted*, 2016 WL 4942015 (N.D. Fla. Sept. 15, 2016) (dismissing the § 1983 age discrimination claim and agreeing with the "majority view" that the ADEA provides the exclusive remedy for age discrimination claims).

This Court agrees with the majority view. As such, the age-based portion of Count VI should be dismissed with prejudice.

### B.    Count V – Due Process Violation Under § 1983

Count V alleges a procedural due process claim under § 1983. (DE 11 ¶¶ 88-103). Specifically, Plaintiff alleges (1) that she had a protected property interest in her continued employment and retirement benefits, and (2) that the Sheriff violated her procedural due process rights by terminating her without cause or notice and without permitting her to exercise her post-termination appeal rights under the Career Service Act. (DE 11 ¶¶ 92-94, 98).

8

As a general matter, procedural due process entitles individuals to "notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1316 (11th Cir. 2011).   "It is therefore not the act of deprivation itself that is unconstitutional—rather, what is unconstitutional is the deprivation of such an interest without due process of law." *Ratlieff v. City of Fort Lauderdale*, 748 F. Supp. 3d 1202, 1240 (S.D. Fla. 2024) (cleaned up).  To state a § 1983 procedural due process claim, a plaintiff must allege facts that show (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process.  *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

The Court has reviewed the allegations of Count V and finds them sufficient to survive dismissal.  The Court has considered the cases cited by the Sheriff, both of which were decided in a different procedural posture than this case.  *See McGirt v. Broward Coll.*, No. 15-CV-62324, 2017 WL 1153849, at *1 (S.D. Fla. Mar. 28, 2017) (decided at summary judgment); *Lewis v. Hillsborough Transit Auth.*, 726 F.2d 664, 666 (11th Cir. 1983) (appeal from bench trial).  Both cases stand for the general proposition that a procedural due process claim cannot succeed where the state courts and laws provide adequate means to redress the plaintiff's alleged harm.  *McGirt*, 2017 WL 1153849, at *6; *Lewis*, 726 F.2d at 666.

The Court questions Plaintiff's ultimate ability to prevail on Count V.  Nevertheless, given the procedural posture of this case, the Court declines, at this stage, to examine the full panoply of remedies Plaintiff had available to her under state law in connection with her termination.  In the Court's view, the better course of action is to deny the motion and revisit the issue at summary judgment with the benefit of the full factual record.

IV.     **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that the motion (DE 15) be **GRANTED IN PART AND DENIED IN PART** as follows:

1.      The motion should be **DENIED** as to Counts I, II, and V.

2.      The motion should be **GRANTED** as to the age-based portion of Count VI, which should be **DISMISSED WITH PREJUDICE**.

4.      The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

5.      **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of June 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE